IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| BONNIE JEAN GONZALES; and ORLANDO GONZALES,<br><br>          Plaintiffs,<br><br>    v.<br><br>LEROY HITE; JEFFREY KAMP; PAUL HAVEL; and CITY OF LAKEVIEW,<br><br>          Defendants. | Civ. No. 10-03118-CL<br><br>**ORDER** |

CLARKE, Magistrate Judge.

Plaintiffs allege claims against defendants for violation of civil rights under 42 U.S.C. § 1983 and pendent state claims.[1] Plaintiffs seek non-economic damages, punitive damages, and attorney's fees and costs. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The parties have executed written consents to entry of judgment by a magistrate judge (#19). 28 U.S.C. § 636(c). Defendants have filed a motion to dismiss (#28) claims brought by

---

[1] The parties stipulated to dismissal of defendant Paul Havel (#36). He will be omitted as a defendant in the amended complaint to be filed with the court by December 29, 2011 (#37).

1 - ORDER

plaintiff Bonnie Gonzales. For the reasons explained, the court denies defendants' motion and grants defendants' alternative request to stay this case.

## DISCUSSION

Defendants contend that plaintiff Bonnie Gonzales is a fugitive from justice and, under the fugitive disentitlement doctrine and the court's equitable powers, her lawsuit against them should be dismissed. Under the fugitive disentitlement doctrine, "an individual who seeks to invoke the processes of the law while flouting them has no entitlement 'to call upon the resources of the Court for determination of his claims.'" Conforte v. Commissioner, 692 F.2d 587, 589 (9th Cir. 1982) (quoting Molinaro v. New Jersey, 396 U.S. 365, 366 (1970)). Application of the doctrine is discretionary based upon equitable considerations. United States v. Gonzalez, 300 F.3d 1048, 1051 (9th Cir. 2002).

Documents offered by defendants show that plaintiff Bonnie Gonzales[2] was charged by Information in Lake County Circuit Court in November 2008 with harassment arising out of an incident occurring in Lakeview, Oregon. A warrant for her arrest was issued on June 16, 2010, for failure to appear in court. (Miller Decl. Exs. 2 & 3.) Other documents offered by defendants show that plaintiff Bonnie Gonzales is participating in the litigation of the instant federal case by responding to a discovery request in May 2011addressed to her and by attending deposition in Eugene, Oregon, in July 2011. The court record includes the address of plaintiffs in Albany, Oregon, including the filing of a change of address by plaintiffs even after they had retained counsel to represent them in this case.

---

[2] The state documents refer to plaintiffs as "Bonnie Jean Gonzalez" and "Orlando Gonzalez." (Miller Decl. Exs. 1-3.)

2 - ORDER

While plaintiff Bonnie Gonzales may technically be a fugitive from the pending state criminal case, the court finds the facts of this case do not justify application of the doctrine to dismiss plaintiff's federal claims. The fugitive disentitlement doctrine is a "most severe" sanction which should not be lightly imposed. Degen v. United States, 517 U.S. 820, 828 (1996). Plaintiff Bonnie Gonzales' whereabouts are known to defendants, counsel, and the court. She voluntarily appeared at her deposition in July 2011. See Wenquin Sun v. Mukasey, 555 F.3d 802, 804 (9th Cir. 2009) (petitioner's whereabouts known to her counsel and the court; declining to apply doctrine to dismiss case).

The court exercises its discretion and declines to apply the doctrine to dismiss plaintiff Bonnie Gonzales' claims against defendants.

Alternatively, defendants state in their reply brief that if the court does not grant their motion to dismiss they agree with plaintiffs' request in their response brief that this case be stayed, at least as to plaintiff Bonnie Gonzales, pending resolution of the Lake County criminal case. The court grants the parties' requests to stay this case pending resolution of the Lake County criminal case against plaintiff Bonnie Gonzales

The parties shall file a joint status report with the court by January 31, 2012, reporting the status of the Lake County criminal case against plaintiff Bonnie Gonzales.

## ORDER

Based on the foregoing, it is ordered that defendants' motion to dismiss all claims brought by plaintiff Bonnie Gonzales based upon the fugitive disentitlement doctrine (#28) is denied. This case is stayed in its entirety pending resolution of the Lake County criminal case

3 - ORDER

against plaintiff Bonnie Gonzales.  The parties shall file a joint status report with the court by January 31, 2012.

       IT IS SO ORDERED.

                    DATED this _20_ day of December 2011.

                    MARK D. CLARKE
                    UNITED STATES MAGISTRATE JUDGE

4 - ORDER