IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

BONNIE JEAN GONZALES
and ORLANDO GONZALES,

                    Plaintiffs,

        v.

LEROY HITE, JEFFREY KAMP, and the
CITY OF LAKEVIEW, a political subdivision
of the State of Oregon,

                    Defendants.

Case No. 1:10-cv-03118-CL

ORDER

CLARKE, Magistrate Judge.

        Plaintiffs Bonnie Jean Gonzales ("Mrs. Gonzales") and Orlando Gonzales ("Mr.

Gonzales") bring this action against defendants LeRoy Hite, Jeffrey Kamp, and the City of

Lakeview[1] (collectively, "defendants") , alleging claims for violation of civil rights under 42

U.S.C. § 1983 and pendent state claims. Mr. and Mrs. Gonzales seek non-economic damages,

punitive damages, and attorney's fees and costs. This court has jurisdiction pursuant to 28 U.S.C.

---

[1] Lake County Jail Commander, Paul Havel, was dismissed as a defendant by stipulation of the
parties on December 14, 2011 (#24).

§§ 1331 and 1367. The parties have executed written consents to entry of judgment by a

magistrate judge (#19). 28 U.S.C. § 636(c). On May 8, 2013, the court heard oral argument on

defendants' motion for partial summary judgment (#68). For the reasons stated below, the court

GRANTS defendants' motion.

### BACKGROUND

The following facts are taken in the light most favorable to plaintiffs[2]:

Mr. and Mrs. Gonzales are married and live in Lakeview, Oregon. Aff. of Orlando

Gonzales ("Orlando Aff.") ¶ 2. On October 30, 2008, the couple got into an argument. Decl. of

Ben Miller in Supp. Of Defs.' Mot. for Partial Summ. J. ("Miller Decl."). Ex. 1, p. 4. At one

point, Mrs. Gonzales grabbed a pair of scissors and hit the table with them. Mr. Gonzales tried to

grab the scissors from her and slightly skinned a knuckle on one of his fingers.[3] Orlando Aff. ¶ 2.

The argument resulted in Mrs. Gonzales dialing 911. Miller Decl. Ex. 1, pp. 5-6.

City of Lakeview police officer LeRoy Hite ("Officer Hite") and Chief of Police Jeffrey

Kamp ("Chief Kamp") received a dispatch to respond to the domestic dispute. Decl. of Lee Hite

in Supp. Of Defs.' Mot. for Partial Summ. J. ("Hite Decl.") ¶ 3; Decl. of Jeff Kamp in Supp. Of

Defs.' Mot. for Partial Summ. J. ("Kamp Decl.") ¶ 3. When they arrived, the officers saw that

one of Mr. Gonzales' fingers was bleeding. Hite Decl. ¶ 3; Kamp Decl. ¶ 3. Officer Hite

conferred with Chief Kamp and determined that Mrs. Gonzales was the primary aggressor. Hite

Decl. ¶ 3. He decided to arrest Mrs. Gonzales for Assault in the Fourth Degree. Id. ¶¶ 3, 4.

---

[2] The court includes only those facts offered by the parties which are relevant to the court's
disposition of defendants' motion.
[3] Defendants dispute this version of events.

Officer Hite learned that Mrs. Gonzales suffers from a chronic illness requiring access to around-the-clock care, oxygen equipment, and medicine. Miller Decl. Ex. 1, p. 11. He determined that this condition prevented him from safely transporting Mrs. Gonzales to the Lake County Jail for booking. Hite Decl. ¶ 6. Officer Hite contacted Lake County Jail Commander Paul Havel ("Lt. Havel"), a "release assistance deputy", about the possible alternatives for booking Mrs. Gonzales. Hite Decl. ¶ 2, 7. After discussing the matter, Lt. Havel agreed to drive to the Gonzales residence to complete the booking paperwork there. Havel Decl. ¶ 4. He arrived at the Gonzales residence with a conditional release agreement and a citation for Mrs. Gonzales to appear in court. Id. ¶ 3. Lt. Havel did not check the box on the conditional release agreement indicating that a no-contact order was in place between Mr. and Mrs. Gonzales. Id. Ex. 1, p. 1. Although Officer Hite was unaware at the time that Lt. Havel did not check the no-contact box on the conditional release agreement, he knew that ORS § 135.250(2)(a) required a no-contact order in cases of domestic violence. Hite Decl. ¶ 7.

As her primary caregiver, Mr. Gonzales typically helped his wife accomplish a variety of daily tasks which included maintaining her supply of oxygen. Miller Decl. Ex. 1, pp. 11-12. Officer Hite and Chief Kamp were made aware of these facts and the two of them helped Mr. Gonzales gather several oxygen bottles for Mr. Gonzales to fill the following morning. Hite Dep., p. 18. Officer Hite informed Mr. Gonzales that due to the no-contact order, Mr. Gonzales would need to contact the police before taking the bottles to his wife. Id., pp. 18-19. Officer Hite also called Mrs. Gonzales' two sons and arranged for her oldest son to go to the Gonzales residence the next day and act as his mother's primary caregiver. Id., p. 17.

Page 3 - ORDER

Mr. Gonzales spent the night at a motel. Id., p. 8. The following day, he and Officer Hite went to the Gonzales' residence and unloaded the refilled oxygen bottles. Id., p. 19. At some point, Officer Hite learned that Mrs. Gonzales' son was not coming to Lakeview to care for his mother's health. Id. Mrs. Gonzales' attorney arrived and Officer Hite learned that she was working on a plan for Mrs. Gonzales' care. Id. Officer Hite left the Gonzales residence and did not take further action towards Mrs. Gonzales' care. Id., p. 29.

In the following two weeks, Mr. Gonzales remained in physical contact with his wife as her primary caregiver while residing in a camper at an RV park. Miller Decl. Ex. 1, p. 7. Since that time, Mr. Gonzales has cohabited with Mrs. Gonzales in their home. Id.

On November 18, 2008, Lake County District Attorney David Schutt ("Mr. Schutt") charged Mrs. Gonzales with Harassment under ORS § 166.065. Miller Decl. Ex. 3, p. 1. In deciding to file this charge, Mr. Schutt reviewed Chief Kamp and Officer Hite's police reports and conducted discovery. Id. Ex. 7, p. 3.

After Mr. Gonzales' attorney pointed out that the box on the conditional release agreement regarding the no-contact order had not been checked, the Lake County Circuit Court ordered on December 15, 2008, that Mr. Gonzales have no contact with Mrs. Gonzales by any means, including a third party. Id. Ex. 4, p. 1; Miller Decl. Ex. 5, p. 1.

In February of 2009, Mr. Schutt and Mrs. Gonzales' attorney arrived at an informal agreement that the no contact order would remain in place but that Mr. Schutt would not enforce it. Id. Ex. 8, p. 4. On June 16, 2010, the Lake County Circuit Court requested a warrant for Mrs. Gonzales' arrest for failing to appear in court. Id. Ex. 6, p. 1.

Page 4 - ORDER

On October 26, 2010, Mr. and Mrs. Gonzales filed suit against Officer Hite, Chief Kamp, Lt. Havel, and the City of Lakeview ("Lakeview"), alleging deprivation of civil rights in violation of 42 U.S.C. § 1983. In their Amended Complaint, they claim violations of the Fourth Amendment, Fourteenth Amendment, and a pendent state claim for intentional infliction of emotional distress and false arrest.

In February of 2013, defendants moved for partial summary judgment (#68) on (1) Mrs. Gonzales' Fourth Amendment false arrest claim against Officer Hite and Chief Kamp on liability for damages after November 19, 2009, (2) Mr. and Mrs. Gonzales' Fourteenth Amendment claims against Officer Hite, (3) Mr. and Mrs. Gonzales' Fourteenth Amendment claim against Lakeview, and (4) Mrs. Gonzales' common law false arrest claim against Lakeview on liability for damages after November 19, 2008.

Mr. and Mrs. Gonzales have since conceded their Fourteenth Amendment claim against Lakeview and Mrs. Gonzales' Fourteenth Amendment claim against Officer Hite. Reply Mem. in Supp. of Defs.' Mot. for Summ. J., p. 1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) authorizes summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is on the moving party to point out an absence of a genuine issue of fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 325 (1986). When the moving party shows the absence of an issue of material fact, the nonmoving party must go beyond the pleadings and show that there is a genuine issue for trial.

Id. at 324. When determining whether an issue of fact is genuine, the Court must view the evidence in a light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

### 1. Mrs. Gonzales' Fourth Amendment Claim Against Officer Hite and Chief Kamp

Mrs. Gonzales brings claim under 42 U.S.C. § 1983, arguing that Officer Hite and Chief Kamp deprived her of her right to be free from unreasonable seizures under the Fourth Amendment of the U.S. Constitution by arresting her without probable cause.

For purposes of summary judgment, Chief Kamp and Officer Hite do not contest that the officers lacked probable cause to arrest Mrs. Gonzales. Mem. of Law in Supp. Of Defs.'s Mot. for Partial Summ. J. ("Defs.'s Mem."), p. 6. However, defendants argue that the officers are immune from damages incurred after November 19, 2008, the date Mr. Schutt filed charges against Mrs. Gonzales.

The filing of criminal charges generally immunizes investigating officers from later damage "because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." Smiddy v. Varney, 665 F.2d 261, 266 (9th Cir. 1981), *overruled on different grounds by* Beck v. City of Upland, 527 F.3d 853, 865 (9th Cir. 2008). This presumption can be rebutted if the plaintiff shows that the independence of the prosecutor's judgment has been compromised. Id. at 266-67. Evidence of this kind must show that the "officers interfered with the prosecutor's judgment in

some way, by omitting relevant information, by including false information, or by pressuring the prosecutor to file charges." Newman v. Cnty. of Orange, 457 F.3d 991, 995 (9th Cir. 2006). Because prosecutors regularly rely on the reports of investigating officers when deciding to file charges, evidence of this reliance alone does not rebut the presumption that the prosecutor exercised independent judgment. See Newman, 457 F.3d at 995

Although Mr. Schutt based his decision to prosecute Mrs. Gonzales on the officers' police reports, no evidence suggests that the officers otherwise interfered with the prosecutor's judgment. Chief Kamp and Officer Hite did not pressure Mr. Schutt to file charges and did not omit information or include false information in their police reports. Miller Decl. Ex. 7, p. 3.

Mrs. Gonzales argues that because she and Mr. Gonzales deny the accuracy of the police reports that Mr. Schutt relied on, Mr. Schutt's independent judgment was compromised. However, the Ninth Circuit has held that "the fact that a plaintiff's version of an incident conflicts with that of the law enforcement officers involved is not enough to defeat the presumption that a prosecutor exercises independent judgment." Newman, 457 F.3d at 996; accord Sloman v. Tadlock, 21 F.3d 1462, 1474 (9th Cir. 1994). Courts have held that conflicting evidence from plaintiffs can rebut the presumption of independent prosecutorial judgment only where there is also evidence of material omissions in police reports and inconsistent police and eyewitness accounts. See, e.g., Barlow v. Ground, 943 F.2d 1132, 1137 (9th Cir. 1991) (holding that a reasonable jury could conclude that the prosecutor did not exercise independent judgment in a case where the police omitted crucial information in their reports, offered contradictory accounts of the arrest, and an independent witness confirmed the arrestee's account of the incident). Mr. and Mrs. Gonzales have not provided such evidence for the court.

Page 7 - ORDER

Mrs. Gonzales cannot establish a genuine issue of material fact as to whether Mr. Schutt exercised independent judgment. Therefore, partial summary judgment on this claim is appropriate.

### 2. Mrs. Gonzales' False Arrest Claim Against Lakeview

Mrs. Gonzales' claim for false arrest against Lakeview is pursuant to ORS § 30.265(1), which holds public bodies vicariously liable for the torts of its officers, employees or agents. Because Officer Hite and Chief Kamp are not liable for damages after November 19, 2008, Lakeview is not vicariously liable for these damages. Therefore, partial summary judgment on this claim is granted.

### 3. Mr. Gonzales' Fourteenth Amendment Claim Against Officer Hite

Mr. Gonzales brings claim under 42 U.S.C. § 1983 that Officer Hite violated his substantive due process liberty interest to live and cohabit with his wife by falsely representing that he and his wife were legally prohibited from contact with each other and causing the court to issue a no-contact order. Officer Hite moves for summary judgment on the grounds of qualified immunity.

#### a. Qualified Immunity

Qualified immunity shields government agents from suits for damages if a reasonable official performing discretionary functions could have believed that his or her conduct did not violate a clearly established constitutional right. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Anderson v. Creighton, 483 U.S. 635, 637–39 (1987). In assessing qualified immunity claims, courts have traditionally adopted a sequential protocol, determining first whether the facts taken in the light most favorable to the plaintiff show the officer's conduct violated a constitutional

Page 8 - ORDER

right, and if so, considering next whether the right was clearly established such that a reasonable official would believe that his conduct was unlawful. Saucier v. Katz, 533 U.S. 194, 200 (2001). However, the Supreme Court has since permitted courts to "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009).

This court addresses the first prong. For the reasons stated below, the facts viewed in the light most favorable to Mr. Gonzales do not establish that Officer Hite violated a constitutional right.

### b.  Violation of a Constitutional Right

The Fourteenth Amendment's guarantee of substantive due process applies when a constitutionally protected liberty interest is at stake. The Supreme Court has recognized the right to marry and engage in the marriage relationship as a liberty interest protected by the Fourteenth Amendment. Loving v. Virginia, 388 U.S. 1, 12 (1967). However, this liberty interest is not absolute; government officials violate the substantive component of the due process clause only when their conduct is clearly unjustified by any legitimate objective of law enforcement. Cnty. of Sacramento v. Lewis, 523 U.S. 833, 844-54 (1998). Specifically, the behavior must be so egregious that it "shocks the conscience" and "violates the decencies of civilized conduct." Id. at 846.

Mr. Gonzales claims that because Officer Hite arrested Mrs. Gonzales and made no arrangements for her care, he endangered Mrs. Gonzales' life and negatively impacted Mr. Gonzales' marital relationship. However, the facts do not support this contention. Officer Hite

Page 9 - ORDER

took several affirmative steps to address Mrs. Gonzales' health which Mr. Gonzales does not

dispute. Officer Hite decided not to book Mrs. Gonzales into jail, contacted her sons to arrange

for her care, and helped Mr. Gonzales refill his wife's oxygen bottles. Hite Decl. ¶ 7; Hite Dep.,

p. 17, 19. Although Officer Hite did not take further action towards Mrs. Gonzales' care after

learning that her attorney was investigating a plan for her health, a reasonable jury would not

find this decision conscience-shocking. Moreover, Officer Hite was not personally responsible

for issuing the no-contact order or imposing the conditions of Mrs. Gonzales' release. Hite Decl.

¶ 7. He did not act egregiously by informing Mrs. Gonzales that she may be arrested for violating

the no-contact order under the requirements of ORS § 135.250(2)(a). Finally, Mr. Gonzales has

provided no evidence that Officer Hite requested the Lake County Circuit Court to issue a no-

contact order.

Because a reasonable jury would not find Officer Hite's conduct conscience-shocking,

the court finds that Officer Hite has not violated Mr. Gonzales' liberty interests under the

Fourteenth Amendment.

### c. Clearly Established Right

This court has concluded that Mr. Gonzales is unable to establish that Officer Hite

violated Mr. Gonzales' constitutional rights. In light of this conclusion, the court need not

undertake formal analysis of whether the rights at issue were "clearly established" at the time of

the incident. Defendants are entitled to qualified immunity on Mr. Gonzales' 42 U.S.C. § 1983

claim.

## ORDER

Plaintiffs' motion for partial summary judgment [#68] is granted.

IT IS SO ORDERED.

DATED this _____ day of June, 2013.

_____

MARK D. CLARKE

United States Magistrate Judge

Page 11 - ORDER